**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ARREDONDO HERNANDEZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 23-501 Agency No. A202-171-414 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2024**
Pasadena, California

Before: GILMAN,*** N.R. SMITH, and MENDOZA, Circuit Judges.

David Arredondo Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals's (BIA's) order denying his

motion to reopen "withholding-only" proceedings.  Having jurisdiction under

8 U.S.C. § 1252(a)(1), we review the denial of a motion to reopen under the

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

abuse-of-discretion standard. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). For the reasons set forth below, we deny the petition for review.

Arredondo Hernandez moved to reopen his case on the basis of changed country conditions in Mexico. To succeed on such a motion, a noncitizen must

> (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.

*Id.* at 1204 (cleaned up). "The [BIA] could thus deny the motion to reopen for failing to meet any of these burdens." *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

1. In this case, the BIA did not abuse its discretion in concluding that a letter submitted by Arredondo Hernandez's brother "does not contain sufficient information to establish . . . a change in [country] conditions since 2018." The letter asserted that Arredondo Hernandez was at "imminent risk" of harm from individuals who had previously beaten his brothers and threatened him "[y]ears ago," but it did not indicate that any member of Arredondo Hernandez's family had been attacked or threatened since that incident. Rather, the letter stated that the aggressors "are currently fugitives from justice and . . . are our neighbors." Arredondo Hernandez's own accompanying affidavit noted only that the attackers "have been seen in town." Without any evidence indicating that these individuals have recently threatened or harmed Arredondo Hernandez's family,

such cursory statements are not enough to establish a material change in country conditions. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (holding that a petitioner's evidence in support of a motion to reopen based on changed country conditions must be "qualitatively different" than the evidence that he presented at his initial hearing).

2. Nor did the BIA abuse its discretion in concluding that Arredondo Hernandez's evidence purportedly showing a general increase in violence and crime was insufficient to establish a material change in country conditions. *See Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022) (concluding that evidence of changed country conditions is not material where the noncitizen "failed to show that those conditions more severely impact him and his family than the population at large"). And the BIA similarly did not err in denying Arredondo Hernandez's claim for protection under the CAT because this court has held that "generalized evidence of violence and crime in Mexico" is insufficient to establish prima facie eligibility for such relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

3. Finally, to the extent that Arredondo Hernandez contends that he would be more severely impacted by increased violence and crime than the Mexican population at large because he is a deportee from the United States, he cannot establish prima facie eligibility for withholding of removal on this basis. *See Perdomo v. Holder*, 611 F.3d 662, 668 (9th Cir. 2010) (holding that "the proposed social group, 'returning Mexicans from the United States,' . . . [is] too

3                                                                            23-501

broad to qualify as [a] cognizable social group[] because [it] share[s] neither a voluntary relationship nor an innate characteristic").

**PETITION DENIED.**